DAVID BRITTON *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

November 13, 1891.

**Railway—Duty of Engineer to Sectionmen.**—The duty which a railway corporation owes to section hands employed in taking care of its roadbed is that of ordinary care, and what constitutes such care varies with varying circumstances.

**Same—Care Required of Sectionmen.**—Men so employed are bound to exercise ordinary prudence while at work, and if, under given circumstances, they act as ordinarily prudent men would act, similarly situated, they cannot be declared guilty of contributory negligence if injured. *Held,* in this case, that the verdict was justified by the evidence.

Appeal by defendant from a judgment of the district court for St. Louis county, where the action was tried before *Stearns,* J., a verdict of $750 rendered for plaintiff, and a motion for a new trial denied.

*John C. Bullitt, Jr., Tilden R. Selmes,* and *Hollembaek & Wood,* for appellant.

*Edson & Hanks,* for respondent.

COLLINS, J.   The plaintiff was at work as a section hand upon defendant's line of railway in the state of Wisconsin, with three other men, one being the foreman.   On the morning in question these men were at work on the east end of their section, and were directed to go westerly with a hand-car to a station called "Walbridge."   The road-master accompanied them, but before reaching their destination they came upon a locomotive standing upon the track.   In front of it was a flat-car loaded with sand, which was then being thrown off for use at a culvert.   The locomotive had backed down from Walbridge, thus bringing the tender towards the hand-car.   The latter was stopped about 300 feet distant.   The section hands were instructed by the road-master, who went forward to the locomotive, to remain there until it returned to Walbridge, and then to follow with the hand-car.   The men commenced work along the road-bed, and soon after, while so employed, discovered the locomotive backing down upon them, and upon the car which had been allowed to remain upon the track.   No signal whatever had been given by the engineer, either of warning or the customary one for clearing the track of obstructions, and the locomotive was less than 200 feet away when seen.   The foreman immediately ordered the men to remove the hand-car; the plaintiff, with others, sprang forward to obey; and, while engaged in an effort to push it down an embankment at that point, (plaintiff having hold of the car-handle,) it was struck by the moving locomotive, knocked several feet, and, striking plaintiff on his body, is said to have produced the injuries complained of.

The first inquiry is as to the negligence of the engineer in charge of the locomotive, and upon this there was testimony enough to warrant the jury in finding that he was negligent when backing down upon the men and car.   Under the statutes of the state in which the accident occurred, (Annotated St. Wis. 1889, § 1816*a*,) put in evidence by plaintiff, defendant corporation was liable for the negligence of its engineer, plaintiff himself being free from negligence which contributed to the result.   The only testimony placed before the jury was that of the plaintiff and his witnesses, so that the circumstances, as related by them, stood uncontradicted.   The view from the engineer's cab along the track to the point where the men were at work

and the hand-car stood was unobstructed, except, to some extent, by the locomotive tender. The defendant made no effort to show why the usual signal or warning for backing was not given, or why the customary signal to clear the track of obstructions was omitted. It did not attempt to show why the engineer failed to observe either men or car, or, if they were seen, why the locomotive was not stopped in time to prevent the collision. The duty which the defendant owed was that of ordinary care, and what constitutes such care varies with varying circumstances. The usual signal for backing, and probably that for moving, would have called attention, and, perhaps, have suggested that the track be promptly cleared; and the customary signal for removing obstructions, given in proper time, would have notified the men that the hand-car must be removed, and have caused its removal when it could have been done with safety, undoubtedly. From what transpired it may well be inferred that the engineer failed to look in the direction he was moving, and had no knowledge of the car until it was struck. Under all the circumstances, it was quite proper for the jury to say whether it was his duty to look easterly along the track when about to back in that direction, and whether he was exercising ordinary care when he ran down upon the hand-car. As a general rule, it is for the jury to determine whether ordinary care has been observed, and we see nothing to relieve this case from such general rule.

But it is asserted by appellant that plaintiff cannot recover because guilty of contributory negligence. As before stated, the locomotive was less than 200 feet away when the plaintiff undertook, with others, to remove the car from the rails. It was approaching slowly, and there had been nothing done which would indicate that it would run down to the point where the car stood. The plaintiff, a laboring man, was suddenly called upon by his foreman to assist in moving his employer's property away from a place where it might be destroyed. He was bound to be ordinarily prudent, and nothing more, and, in determining what a prudent man will do in a given case, the facts and circumstances of the particular transaction must be considered. To discharge his duty to the defendant, and save its property from destruction, the plaintiff could not refuse to assume some

risks, although required to be ordinarily prudent. If, when he was ordered to assist in removing the car from the track and undertook to do so, the situation was such that a man of ordinary prudence, at work as he was, would have obeyed the command and attempted the task, he cannot be said to have been guilty of contributory negligence, and a recovery cannot be prevented on that ground. A determination of this question was with the jury, without doubt; and their views, as made manifest by the verdict, cannot be interfered with.

Various rulings were made by the court as to the admissibility of portions of plaintiff's testimony, and, on its exceptions thereto and assignments of error, appellant argues that on several occasions the court erred. We have examined the assignments, and find nothing of merit or of consequence in them.

It is further maintained that, in any event, the verdict must be set aside, because excessive in amount. If the jurors believed the plaintiff's testimony in regard to the change in his physical condition, caused, as he claimed, by the injuries received in the accident, or the testimony of his physicians as to the extent of these injuries and their probable permanency, the verdict cannot be put down as excessive by any means. It may have been a surprise to defendant, who, upon every branch of the case, including the medical, seems to have depended exclusively upon plaintiff's witnesses, but that does not demonstrate it to have been excessive and unwarranted.

Judgment affirmed.