Gay, by guardian *ad litem,* Respondent, vs. Milwaukee Electric Railway & Light Company, Appellant.

*January 9—March 9, 1909.*

*Street railways: Injury to passenger: Special verdict: Sufficiency: Inference of negligence from accident: Excessive damages.*

1. Findings that the controller on an electric car was defective and out of repair at the time of an accident causing injury to a passenger, that the company had knowledge or ought to have known of such defective condition, and that "such negligence" was the proximate cause of the injury, do not amount to a finding of negligence, in the absence of any finding that the defect had existed for such length of time that the company might have repaired it before the accident.

2. An affirmative answer to the disjunctive question, Did the defendant know or ought it to have known of the defective condition of the controller? is not a sufficient finding of either fact.

3. An inference of negligence arising, under the doctrine of *res ipsa loquitur,* from the explosion or blowing out of the controller on an electric street car is *held* to have been met and overcome in this case by evidence showing, among other things, that such an accident might happen without any negligence on the part of the street railway company.

4. In an action for injuries to a passenger on a street car who was alleged to have suffered concussion of the spine, nervous shock, etc., it being found by the jury that plaintiff was not permanently injured, an award of $3,000 damages is *held* excessive.

Appeal from a judgment of the circuit court for Milwaukee county: Lawrence W. Halsey, Circuit Judge. *Reversed.*

This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff on account of the negligence of the defendant. The jury returned the following verdict:

"(1) Was the plaintiff, while a passenger on defendant's car, on the 20th day of June, 1903, injured? *A.* (by consent of counsel and direction of the court.) Yes.

"(2) Was the apparatus known as the 'controller' on the

car in question, at the time of the accident, defective and out of repair? *A.* Yes.

"(3) If you answer the foregoing question in the affirmative, then answer this question, otherwise not: Did the defendant company have knowledge of the defective condition of the controller, or ought it to have known of such defective condition? *A.* Yes.

"(4) Was the motorman operating said car negligent in the performance of his duties as motorman? *A.* No.

"(5) If you answer the second, third, and fourth questions, or either of them, 'Yes,' then answer this question: Was such negligence the proximate cause of plaintiff's injury? *A.* Yes.

"(6) Was the plaintiff guilty of any want of ordinary care which proximately contributed to her injury? *A.* No.

"(7) Is plaintiff now suffering from a diseased heart? *A.* Yes.

"(8) If you answer the foregoing question in the affirmative, then answer this question, otherwise not: Was such diseased condition of the heart caused by the injury sustained by the plaintiff at the time and place in question? *A.* No.

"(9) Is the plaintiff suffering from traumatic neurosis? *A.* Yes.

"(10) If you answer the foregoing question in the affirmative, then answer this one, otherwise not: Was such traumatic neurosis caused by the injury sustained by the plaintiff at the time and place in question? *A.* No.

"(11) Was the injury sustained by the plaintiff at the time and place in question the inciting cause of the disease or the inability of which she now complains? *A.* No.

"(12) If the court should be of the opinion that the plaintiff is entitled to recover, in what sum do you assess her damages? *A.* $3,000."

The defendant made several motions upon the verdict, all of which were denied, and judgment was ordered for plaintiff upon the verdict. Judgment was entered accordingly, from which this appeal was taken.

*Clarke M. Rosecrantz,* for the appellant, contended, *inter alia,* that under the proofs the plaintiff could not invoke the

doctrine of *res ipsa loquitur* for the purpose of proving a defect in the controller.   In order that the mere happening of an accident may be deemed in law proof of the ultimate fact of negligence, the degree of probability must be such as arises from a situation where the accident could not well happen except from a responsible cause.   *Kirst v. M., L. S. & W. R. Co.* 46 Wis. 489, 491; *Lockwood v. C. & N. W. R. Co.* 55 Wis. 50, 64; *Kendall v. Boston,* 118 Mass. 234, 236; *Cummings v. Nat. F. Co.* 60 Wis. 603, 612; *Atkinson v. Goodrich T. Co.* 69 Wis. 5, 16; *Stacy v. M., L. S. & W. R. Co.* 85 Wis. 225, 234; *Carroll v. C., B. & N. R. Co.* 99 Wis. 399, 402; *Spille v. Wis. B. & I. Co.* 105 Wis. 340, 349; *Musbach v. Wis. C. Co.* 108 Wis. 57, 67; *Beyersdorf v. Cream City S. & D. Co.* 109 Wis. 456, 463; *Schultz v. C., M. & St. P. R. Co.* 116 Wis. 31, 33.   Assuming that the existence of a defect in the controller may be inferred, there is no proof that the defect was seasonably known to the defendant, or that it was of such a character that it could have been seasonably discovered.   *Hobbs v. Stauer,* 62 Wis. 108; *Schultz v. C., M. & St. P. R. Co.* 116 Wis. 31, 33; *Walkowski v. Penokee & G. Consol. Mines,* 115 Mich. 629, 41 L. R. A. 33, note on pp. 150–152; *Perry v. Mich. Cent. R. Co.* 108 Mich. 130; *Murphy v. G. N. R. Co.* 68 Minn. 526, 71 N. W. 662; *Georgia R. & B. Co. v. Nelms,* 83 Ga. 70.

For the respondent there was a brief by *O'Connor, Schmitz & Wild,* and oral argument by *A. J. Schmitz.*   They argued, among other things, that the explosion of the controller raised a presumption of negligence on the part of the defendant and put the burden on it to absolutely overcome such presumption and *prima facie* case and point out the cause of the explosion and that the same was unavoidable by the utmost care. *Kirst v. M., L. S. & W. R. Co.* 46 Wis. 489; *Cummings v. Nat. F. Co.* 60 Wis. 603; *Carroll v. C., B. & N. R. Co.* 99 Wis. 399; *Musbach v. Wis. C. Co.* 108 Wis. 57, 67; *Parker v. Fairbanks-Morse Mfg. Co.* 130 Wis. 525; *Montanye v.*

*Northern E. Mfg. Co.* 127 Wis. 22; *Lipsky v. C. Reiss C. Co.* 136 Wis. 307, 117 N. W. 803; *Spellman v. Lincoln R. T. Co.* 36 Neb. 890, 20 L. R. A. 316; *Whalen v. Consolidated T. Co.* 61 N. J. Law, 606, 41 L. R. A. 836; *Feital v. M. R. Co.* 109 Mass. 398; *Baltimore & O. R. Co. v. Worthington,* 21 Md. 275, 283; *Philadelphia, W. & B. R. Co. v. Anderson,* 72 Md. 519, 20 Am. St. Rep. 483, note; *Wall v. Livezay,* 6 Colo. 465; *Smith v. St. Paul City R. Co.* 32 Minn. 1; *Nitroglycerine Case,* 15 Wall. 524; *Railroad Co. v. Pollard,* 22 Wall. 341; *Gleeson v. Va. M. R. Co.* 140 U. S. 435, 35 L. Ed. 438; *Chicago U. T. Co. v. Newmiller,* 215 Ill. 383, 74 N. E. 410; *Cincinnati, I. & W. R. Co. v. Bravard,* 38 Ind. App. 422, 76 N. E. 899; *Firebaugh v. Seattle E. Co.* 40 Wash. 658, 82 Pac. 995; *Lincoln T. Co. v. Webb,* 73 Neb. 136, 102 N. W. 258.

KERWIN, J. The defendant is a corporation engaged in operating an electric street railway line in the city of Milwaukee for the carrying of passengers. On the 20th day of June, 1903, the time of the accident, the plaintiff was a passenger on the defendant's car, when the controller at the front end of the car operated by the motorman exploded or short-circuited and caused fire in the car. The passengers became excited, and in the rush and excitement the plaintiff was injured, which injury it is alleged was caused by the negligence of the defendant. Several grounds of negligence are alleged in the complaint, mainly in failure to provide proper appliances, failure to provide a proper motor, controller, circuit breaker, and fuse, and failure to inspect and properly operate the car. It is insisted by appellant (1) that there is no evidence to support the verdict on the question of defendant's negligence; (2) that the damages are excessive; and (3) that the verdict is insufficient to support a judgment in favor of the plaintiff.

We think it clear that the last objection is fatal to the judg-

ment for two reasons: First, because there is no finding of negligence; and, second, because of the form of the third question. On the point that there is no finding of negligence in the verdict the jury found:

"(2) Was the apparatus known as the 'controller' on the car in question, at the time of the accident, defective and out of repair? A. Yes.

"(3) If you answer the foregoing question in the affirmative, then answer this question, otherwise not: Did the defendant company have knowledge of the defective condition of the controller, or ought it to have known of such defective condition? A. Yes."

"(5) If you answer the second, third, and fourth questions, or either of them, 'Yes,' then answer this question: Was such negligence the proximate cause of plaintiff's injury? A. Yes."

It will be seen that by the second question the jury found merely that a defect existed, and by the third that the defendant knew or ought to have known of the defective condition. There is no finding as to how long the defect existed before the injury. It might have occurred the instant before the accident and the defendant have immediate knowledge of it, but not for sufficient time before the accident to have remedied it. This state of facts satisfies the finding, but would not support a judgment, for want of a finding in some form to the effect that the defect had existed for such length of time before the injury as to enable the defendant to repair it. Nor does the finding of proximate cause in the fifth question help the matter, for it will be seen that this simply finds that "such negligence" was the proximate cause of the injury. "Such negligence" under the verdict could only refer to the third question and answer or the second and third, but these together or singly do not find the essential facts necessary to make a case. Moreover, the third question being in the alternative, there is no finding that the defendant knew or ought to have known of the defect. That this finding is in-

sufficient has been ruled by this court and discussion of it is unnecessary. *Jewell v. C., St. P. & M. R. Co.* 54 Wis. 610, 617, 12 N. W. 83; *Sherman v. Menominee R. L. Co.* 77 Wis. 14, 45 N. W. 1079; *Gunther v. Ullrich,* 82 Wis. 222, 52 N. W. 88; *Klochinski v. Shores L. Co.* 93 Wis. 417, 67 N. W. 934; *Dugal v. Chippewa Falls,* 101 Wis. 533, 77 N. W. 878; *Shaw v. Gilbert,* 111 Wis. 165, 86 N. W. 188; *Gehl v. Milwaukee P. Co.* 116 Wis. 263, 93 N. W. 26; *Lowe v. Ring,* 123 Wis. 370, 101 N. W. 698; *Odegard v. North Wis. L. Co.* 130 Wis. 659, 110 N. W. 809. The subject is considered in a late case in this court—*Du Cate v. Brighton,* 133 Wis. 628, 114 N. W. 103,—where the cases are collected and discussed. This case is directly in point and controls the question here. It follows that the judgment must be reversed.

It is also insisted by appellant that the damages are excessive. The jury found $3,000 damages. The injuries alleged in the complaint for which compensation is sought consisted of an alleged concussion of and injury to the spine and nervous shock, causing traumatic neurosis, and the result thereof including a diseased heart and a serious and permanent injury to the eye. The jury found in answer to the eighth question that the diseased condition of the heart was not caused by the injury sustained by the plaintiff at the time and place of injury, and by answer to the tenth question that the traumatic neurosis was not caused by the injury sustained by the plaintiff at the time and place in question, and further found in answer to the eleventh question that the injury sustained at the time and place in question was not the inciting cause of the disease or inability of which plaintiff complains in this action. So it seems clear under the findings of the jury that the plaintiff was not permanently injured, and in the absence of permanent injury the damages are excessive.

It is claimed on behalf of the respondent that an inference of negligence arose because of defect in the controller which caused it to blow out, hence the doctrine of *res ipsa loquitur*

applies; while on the part of the appellant it is insisted that no such inference can be drawn because it appears from the evidence that the controller might have acted as it did without any negligence whatever on the part of the appellant, and further that, if inference of negligence could be said to have arisen, still the inference was completely met by the testimony, therefore no case of negligence was made on this ground. Since there must be a new trial we shall not go into any discussion of this question further than to say that we are of opinion that the *prima facie* case made raised an inference of negligence, but that that inference was fully met and overcome by the testimony on the part of the appellant.

The only remaining question is whether judgment should be ordered for the defendant or the cause remanded for a new trial. It is strenuously insisted by counsel for defendant that there has been no negligence shown; therefore, the defendant being entitled to judgment below, this court should now order it. The majority of the court, however, are of the opinion that the case should go back for a new trial.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for a new trial.