COMMERCE INSURANCE COMPANY, Respondent, vs. MERRILL GAS COMPANY, Appellant, and three other cases.

*October 12—November 8, 1955.*

162

For the appellant there were briefs by *Wurster & Curtis* of Merrill, attorneys, and *Meagher, Geer, Markham & Anderson* of Minneapolis, Minnesota, of counsel, and oral argument by *C. B. Wurster* and by *O. C. Adamson II* of Minneapolis, Minnesota.

For the respondents there was a brief by *Wolfe, O'Leary & Kenney,* attorneys, and *Kenneth M. Kenney* of counsel, all of Milwaukee, and oral argument by *Kenneth M. Kenney.*

STEINLE, J.  It is the position of the appellant, Merrill Gas Company, that its motions for summary judgment in the several cases should have been granted for the reason that the franchise ordinance is controlling as to the respective rights and duties of the parties, and that under the provisions of said ordinance, the Gas Company had no duty to

maintain the gas apparatus inside the curb line, because it was installed by the customer, at his expense, upon his property, and that he was the owner of it and had the sole duty of maintaining it in repair. The Gas Company also submits that its only duty in respect to repairing the customer's apparatus would arise when the defendant had notice of any defect therein, and that notice to such effect is not shown to have existed here.

The respondent Insurance Companies maintain that the franchise ordinance does not as a matter of law negative liability of the Gas Company for the damages claimed to have arisen as a result of the negligence alleged in the complaint. They submit that upon the basis of the complaint, the affidavit and the transcript of testimony of the adverse examination which relate to the activities of the Gas Company with regard to the piping from which the gas allegedly escaped to precipitate the explosion, issue of fact is created as to whether such activities amounted to an appropriation of the piping for the company's purposes, and as to whether the company assumed exclusive management, control, and cu;tody of the piping.

Appellant challenges the manner and method of the presenta;ion of the evidentiary facts in respondents' affidavit and in the adverse examinations. It contends further that the complaint in each case alleges only a cause of action within the *res ipsa loquitur* doctrine, and that since it does not set forth any act or acts of negligence, evidence with respect to specific acts of negligence are inadmissible under the complaint. The respondents maintain that it is the established practice in this state to permit the use of transcripts of adverse examination for the purpose of submitting evidentiary facts in support of or in opposition to motions relating to summary judgments. They maintain that the allegations in their respective complaints are sufficient to entitle them to adduce proof of specific acts for negligence, and that they may

do so without losing the benefits of the *res ipsa loquitur* doctrine.

Appellant further maintains that the statement in respondents' affidavit ". . . the piping or gas facilities from which gas escaped to cause the explosion, . . . escaped from piping or facilities which were either owned by or within the custody and control of the defendant Merrill Gas Company" is a conclusion of law. Respondents submit that such language is a statement of ultimate fact which may easily be transposed into a proper jury question.

Were the court called upon merely to construe the franchise ordinance in relation to the ownership of pipes used inside the curb by consumers of gas in the city of Merrill, then, under well-established rules of construction, it would have to be held that such pipe was owned by the consumer. However, in each complaint here, not only is the defendant's ownership of the pipe in question asserted, but there is alternative allegation that the pipe was under the exclusive custody, control, and management of the company.

Par. 5 of the complaint reads:

"That, as plaintiff is informed and verily believes, at all times material hereto all of the gas-service piping, fixtures, and equipment located between the alley feeder main and the gas meters of the defendant for the aforesaid premises at 1022–24 East Main street, which meters were located in the east one half of the basement of said building, were either owned by or under the exclusive management, custody, and control of said defendant."

Par. 6 of the complaint reads:

"That, as plaintiff is informed and verily believes, on July 12, 1951, a gas explosion occurred in the west half of the basement at 1022–24 East Main street, which explosion was caused by the negligence of the defendant, and resulted in the damage as hereinafter set forth; that such explosion occurred, as plaintiff is informed and verily believes, as the

result of leakage of gas from the gas-service piping located between the point where said service lateral entered said building and the point at which said service lateral connected with the manifold to which the meters owned and maintained by the defendant were attached."

In the counteraffidavit of Attorney Kenney it is said:

"That, as affiant is informed and verily believes, the piping or gas facilities from which gas escaped to cause the explosion which is the subject of the above-entitled actions, escaped from piping or facilities which were either owned by or within the custody and control of the defendant Merrill Gas Company."

While the owner of the building may be declared to be the owner of the pipe located inside the curb, and while by virtue of such ownership there may be no duty under the law on the part of the Gas Company to maintain the pipe in repair without having had knowledge or notice of defect, nevertheless it does not follow that the Gas Company could not have or had not by its conduct assumed exclusive custody, control, and management of the pipe, or that it could not be held liable for negligence in regard to its assumed exclusive control, custody, and management of the pipe in question. Exclusive care, custody, and control may be exercised notwithstanding nonownership.

The allegations in the complaints and counteraffidavits with respect to the negligence of the defendant in regard to its ownership or exclusive custody, control, and management of the property, although in character consisting of mixed statements of fact and legal conclusions, nevertheless are statements of ultimate fact which are issuable and traversable. It is considered that under the pleadings and affidavits, genuine and substantial issues of fact are created. Had appellant desired more specific information with reference to the negligence charged, its remedy would have been by motion to

make more definite and certain. *Colton v. Foulkes* (1951), 259 Wis. 142, 47 N. W. (2d) 901; *Weber v. Naas* (1933), 212 Wis. 537, 250 N. W. 436. There is no valid reason why the plaintiffs shall not be entitled under their complaints to introduce evidence of specific negligence with respect to the defendant's exclusive custody, control, or management of the pipe in question. Should their attempt to prove specific negligence on defendant's part be unsuccessful, or should their introduction of evidence of specific negligence fail to establish the precise cause of the damage claimed, they will not as a result be deprived of the benefits available to them under the doctrine of *res ipsa loquitur*. *Freitas v. Peerless Stages, Inc.* (1952), 108 Cal. App. (2d) 749, 239 Pac. (2d) 671, Anno. 33 A. L. R. (2d) 793.

The final matter presented for determination concerns the method and manner of the use of the transcripts of the testimony of the adverse examinations in connection with respondents' effort in resisting the application for summary judgment. Such depositions are not a part of the record on the trial until they are offered. *Lamberson v. Lamberson* (1921), 175 Wis. 398, 411, 184 N. W. 708; *Estate of Shinoe* (1933), 212 Wis. 481, 486, 250 N. W. 505. Since there has been no trial of these cases, no offer of the depositions in evidence could have been made. Clearly, they were not part of the record when referred to in Attorney Kenney's affidavit. True, the use of such depositions by either party for the purpose of setting forth evidentiary facts in connection with motions for summary judgment under sec. 270.635, Stats., has been recognized in this state. *Carney-Rutter Agency v. Central Office Buildings* (1953), 263 Wis. 244, 248, 57 N. W. (2d) 348; *Atlas Investment Co. v. Christ* (1942), 240 Wis. 114, 2 N. W. (2d) 714; *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938), 229 Wis. 348, 281 N. W. 697. Any party desiring to so use such deposition

or parts thereof may effectively do so, providing that the evidentiary matters from the deposition are stated in an affidavit such as is provided in sec. 270.635, or are incorporated therein in whole or relevant part by proper reference. The particular statements in the affidavit of Attorney Kenney which set forth in substance certain of the testimony of the president of the Gas Company as adduced upon the adverse examination, were proper for the court's consideration of the motion. The inclusion by appellant of the franchise ordinance and the other documents in the affidavit of the president of the company, was likewise in accordance with proper procedure entitling the court to consider them in its determination of the motion. However, in the affidavit of Attorney Kenney the testimony of other mentioned witnesses given at their adverse examinations, was not set forth, nor was any of its substance stated therein. Attempt was made to incorporate it by reference. The reference, however, was to the record, and such depositions were not part of the record at the time. Had the depositions in whole or part been appended to the affidavit as exhibits and referred to therein as being within the knowledge of the affiant, and had copies thereof been served on the adverse party, then such use would have been proper. Or had there been stipulation between the parties that such depositions in whole or part were to be treated as exhibits, then the use of the same would have been proper, even though they were not appended to the affidavit. The depositions designated in the affidavit as exhibits were neither part of the affidavit nor part of the record, and the court was not authorized to consider them in its determination. We cannot approve of the practice as was employed. In view of the improper method by which the depositions were presented, neither the trial court nor this court had authority to consider them in deciding the respective causes. The depositions are disregarded here.

On the basis of the entire record we are obliged to determine that genuine and substantial issues exist under the pleadings, and that the trial court did not err in denying the motions for summary judgment.

*By the Court.*—Orders affirmed.