ZIINO, Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & TRANSPORT COMPANY, Appellant.

*January 9—February 7, 1956.*

For the appellant there was a brief by *Shaw, Muskat &*
*Paulsen,* attorneys, and *John G. Quale* of counsel, and oral

argument by *Mr. Jack R. Wiedabach* and *Mr. Quale,* all of Milwaukee.

For the respondent there was a brief and oral argument by *Joseph J. Ziino* of Milwaukee.

BROADFOOT, J.  In her complaint the plaintiff alleged that the doctrine of *res ipsa loquitur* was applicable to the facts. The trial court agreed and submitted the special verdict based upon that doctrine.  The defendant objected at the time of the trial and, in its brief filed herein, presented as one argument its contention that said doctrine was not applicable in view of the facts in this case.  Upon the argument that contention was withdrawn.  The facts in the case clearly established that *res ipsa loquitur* was applicable.  Here we have the kind of accident which ordinarily does not occur in the absence of negligence on the part of someone; it was caused by the failure of the automatic device installed to open and close the door, which was within the exclusive control of the defendant; and the record fails to disclose any negligent action on the part of the plaintiff that contributed to the accident. *Ryan v. Zweck-Wollenberg Co.* 266 Wis. 630, 64 N. W. (2d) 226; *Colla v. Mandella,* 271 Wis. 145, 72 N. W. (2d) 755.

The defendant further contends that the trial court erred in refusing to submit to the jury a question as to whether the defendant had actual or constructive notice of the alleged defective condition.  In that connection it argues that a carrier is not negligent in permitting a defective condition to exist unless it had timely notice of its existence.  In support thereof it quotes texts with reference to the duty of carriers to passengers, together with four cases by this court.  The last two cases cited were actions brought under the safeplace statute and they are not applicable.  One of the cases cited is *Gay v. Milwaukee E. R. & L. Co.* 138 Wis. 348, 120

N. W. 283. In that case the applicability of *res ipsa loquitur* was raised. The court held that the *prima facie* case made by the plaintiff raised an inference of negligence but that inference was met and overcome by testimony on the part of the appellant and *res ipsa loquitur* dropped out of the case. In *Weber v. Interstate Light & Power Co.* 268 Wis. 479, 68 N. W. (2d) 39, the applicability of *res ipsa loquitur* was not raised and the case is not in point.

In cases where *res ipsa loquitur* is applicable, the exact cause of the accident is something of a mystery. Some courts have held that the doctrine is applied in part because the true explanation of the accident is more accessible to the defendant than to the plaintiff. In Wisconsin that is not one of the controlling conditions but it may be an explanation for the reason that proof of notice of the defect to the defendant is not required as a condition precedent to the invocation of the doctrine. The conditions necessary for the application thereof were present in this case and *res ipsa loquitur* was properly applied.

It is further contended by the defendant that the trial court committed reversible error in instructing the jury that the burden of proving that it was free from negligence was on the defendant. We must agree with this contention. *Res ipsa loquitur* is applicable in negligence cases. When the conditions are present that make *res ipsa loquitur* applicable it does not change the general rule that it is the plaintiff's duty to establish the negligence of the defendant, but merely raises a permissible inference that casts upon the defendant the duty of going forward or producing evidence to overcome the inference. A few jurisdictions do hold that the burden of proof shifts to the defendant in such cases, particularly in cases involving carriers. However, that rule is not in force in Wisconsin, and anything that may have been said to the contrary in earlier cases is expressly overruled.

The error in the instruction was substantial in that it placed upon the defendant an added burden, to its prejudice. A new trial is therefore required.

*By the Court.*—Judgment reversed. Cause remanded for a new trial.