BRUNNER, Special Administrator, Respondent, vs. VAN HOOF and another, Appellants.*

*May 8—June 3, 1958.*

---

\* Motion for rehearing denied, with $25 costs, on October 7, 1958.

460

461

462

For the appellants there was a brief by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by *E. L. Everson* and *James L. Everson*.

For the respondent there was a brief by *Lehner, Lehner & Behling* of Oconto Falls, and oral argument by *Howard N. Lehner*.

HALLOWS, J. The two main questions presented are: (1) Did the trial court err in giving unrequested instructions on *res ipsa loquitur* in view of the evidence and where specific acts of negligence were inquired about in the verdict and no general question on negligence was submitted? (2) Did the giving of such *res ipsa loquitur* instructions constitute prejudicial error?

The appellant's first contention was the *res ipsa loquitur* instruction although correct in form was not applicable. The

width and breadth of *res ipsa loquitur* from the strict to the liberal rules are extensively annotated in 33 A. L. R. (2d) 793 *et seq*. Under the authorities adopting the strict rule no specific acts of negligence can be shown without precluding reliance upon the doctrine. Under the liberal rule, which Wisconsin follows, the doctrine may be applied in cases where evidence of specific negligence is introduced. *Commerce Ins. Co. v. Merrill Gas Co.* (1955), 271 Wis. 159, 72 N. W. (2d) 771; *Dunham v. Wisconsin Gas & Electric Co.* (1938), 228 Wis. 250, 280 N. W. 291. But under the liberal rule there is a point beyond which sufficient specific acts of negligence rule out the availability of the doctrine of *res ipsa loquitur*. When specific acts of negligence are shown making a *prima facie* case by the plaintiff and the inference of negligence is met and overcome by the evidence on the part of the defendant the doctrine of *res ipsa loquitur* is not applicable. *Gay v. Milwaukee E. R. & L. Co.* (1909), 138 Wis. 348, 120 N. W. 283.

The evidence produced by the plaintiff showed the hitch was defective because the safety lock was missing and as a consequence the hand screw was free to loosen. The Van Hoof ball was of a slightly different shape than the Wesley ball which fitted the Wesley hitch. There was also a variation in the clamping point on the two balls. The ball-and-hitch combination used by the defendant moved more freely than the Wesley ball and hitch used in combination. The postaccident condition of the hitch assembly showed no structural failure or breakdown of any part. This was sufficient evidence of specific negligence with the other evidence to make the doctrine of *res ipsa loquitur* inapplicable.

The appellant contends the inapplicable instruction was an invitation to the jury to find for the respondent on the negligence question. There was ample credible evidence of specific negligence to support the jury finding of negligence without any reference to the doctrine or the inference to be

drawn from it. The jury distinguished between the two questions of negligence submitted. The jury found defendant Van Hoof negligent in using the Wesley, or Fulton, trailer hitch without a safety lock. There was undisputed testimony that the defendant had a lock on his boat-trailer hitch but he did not know there was supposed to be a locking device on the Wesley hitch when he used it. The defendant knew Wesley had used the hitch with his own ball combination many times. This was the first time the defendant had used the Wesley hitch. There was undisputed evidence that had the Wesley hitch been equipped with a safety lock the hand screw could not have loosened and the ball and clamp could not have become uncoupled. The appellant produced evidence that Van Hoof put the assembly together and turned the wheelscrew tight. He tested the combination by shaking it up and down several times and inspected it at Spruce before leaving for Kelly lake. In a close case the effect of allowing *res ipsa loquitur* to add or strengthen the permissible inference which can be drawn from evidence introduced by specific negligence makes a jury finding of that specific negligence more probable. But this is not a close case on the evidence.

The jury was instructed properly on negligence and no instructions on negligence were requested or objections thereto raised by the defendant. The position of the inapplicable *res ipsa loquitur* between that part of the instruction on negligence and the part of the instruction on cause is not necessarily prejudicial. The effect of the instructions as a whole on the jury in the light of the evidence produced is the important element in considering whether there was prejudicial error.

We do not agree with the appellant's contention that the inapplicable instruction affected the jury's determination on the issue of ordinary care in finding Van Hoof negligent in using the hitch without a safety lock. The doctrine supplied

only an inference of negligence for the jury to accept or reject. If the instruction on *res ipsa loquitur* was an invitation to the jury to find negligence it is apparent from the evidence and the findings that the jury did not accept the invitation nor was it misled.

*By the Court.*—Judgment affirmed.

CURRIE, J. (*dissenting*). I cannot agree that the erroneous instruction on *res ipsa loquitur* was not prejudicial in the instant case.

The only item of negligence found against the defendant Van Hoof was in "using the Wesley trailer hitch without a safety lock" (sub. (b) of the first question of the verdict).

As to the subdivision of the verdict dealing with this particular item of negligence the trial court instructed the jury as follows:

"You are instructed that in order to answer subdivision (b) of the first question 'Yes,' you must be convinced to a reasonable certainty by the greater weight of the credible evidence or from inferences reasonably drawn from the evidence that the defendant, Van Hoof, either *knew* that the Wesley hitch was defective because of the absence of a locking device, or that in the exercise of ordinary care he *should have known* that the Wesley hitch was defective because of the absence of such locking device, and further that he *knew,* or in the exercise of ordinary care *should have known,* that it was dangerous to use the Wesley hitch without such locking device.

"You are instructed that where the car attached to the trailer by a hitch is under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if the defendant who had the management and control of the combination vehicle used proper care, *the accident itself affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from negligence of the defendant."* (Italics supplied.)

The effect of such instruction taken as a whole is to tell the jury that in order to answer sub. (b) of the first question of the verdict "Yes" the jury must find either that Van Hoof knew or should have known of the absence of the locking device, but that this could be inferred from the happening of the accident itself. However, the happening of the accident has no relevancy whatever on the issue of Van Hoof's actual or constructive knowledge of the absence of a locking device. It is hard to conceive how such an erroneous instruction could fail to be prejudicial.

The fact that the jury answered sub. (a) of the first question of the verdict in Van Hoof's favor is wholly a *non sequitur*. This is because the erroneous instruction apparently only related to sub. (b) or at least the jury were warranted in so assuming.

Because of the prejudicial nature of the attacked instruction the judgment should be reversed, and the cause remanded for a new trial.

I am authorized to state that Mr. Justice BROWN and Mr. Justice WINGERT concur in this dissent.