**TRANSCONTINENTAL BUS SYSTEM,
INC., and Jack Moore, Plaintiffs
in Error,**

v.

**Billie SIMONS, Defendant in Error.**

No. 39347.

Supreme Court of Oklahoma.

Dec. 12, 1961.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for plaintiffs in error.

Rucker, Tabor, Best, Sharp & Shepherd, O. H. "Pat" O'Neal, Tulsa, for defendant in error.

PER CURIAM.

Defendant in error, hereafter referred to as "plaintiff", was, as a fare-paying passenger, transported by bus from Midland, Texas, to Okmulgee, Oklahoma. The bus in which she was transported from Oklahoma City, Oklahoma, to Okmulgee was owned by plaintiff in error, Transcontinental Bus System, Inc., hereafter referred to as "defendant", and driven by plaintiff in error, Jack Moore, hereafter referred to as "driver".

Upon alighting from the bus at Okmulgee, plaintiff presented to driver a baggage check. In searching for plaintiff's baggage, driver opened the door to the rear baggage compartment of the bus and began to inspect the baggage loaded therein. He would exhibit or point out to plaintiff, who was standing near him, baggage and inquire if it were hers. Upon receiving a negative answer he would point to or exhibit other baggage. While the search was in progress, the door to the baggage

compartment fell striking plaintiff on the head. Plaintiff contends that as a result of being so struck she sustained painful and permanent injuries. In this action she seeks to recover damages from defendant and driver which she alleges were attributable to being struck by the door.

In her petition, plaintiff alleged that defendants were negligent in that they failed "to properly fasten the door when raised"; that they were also negligent in knowingly using the door which "was defective in that its hinges and latches would not properly hold the door". Plaintiff also pleaded that the door was under the control of defendants and that defendants were under a duty to protect plaintiff in their use of the door.

The case was tried to a jury. At the conclusion of defendants' evidence, defendants moved for a directed verdict, which motion was sustained. Plaintiff filed a motion for new trial. From order sustaining the motion, defendants perfected this appeal.

The parties appear to agree that upon considering the motion for new trial, the trial court concluded that under the pleadings and evidence plaintiff was privileged to rely upon the doctrine of res ipsa loquitur and for said reason sustained the motion.

Defendants assert that "either the defendants were negligent in failing to properly latch the door when it was opened, for which defendants would have been liable, or, the door fell because of a latent defect in its mechanism, of which defect the defendant had no knowledge and for which they would not be liable." They contend that "if there are at least two probable causes, either of which may have been the efficient cause, and there is no evidence tending to show which of the two probably caused the accident, you then have but a mere choice of probabilities which amounts to but conjecture and surmise"; that "Such a situation would not warrant an inference of negligence or proximate cause and would not permit invoking the doctrine of res ipsa loquitur."

The pertinent facts bearing upon defendants' contentions are that the bus was manufactured in Germany; that the "latch is enclosed where you can't see the latch part of it" (driver's testimony); that driver had driven bus every third day for three months preceding the accident; that driver, during that period, had repeatedly opened door and the latch had functioned properly; that the latch so functioned upon driver's opening door immediately following accident and at Muskogee; that in opening door immediately before accident, driver opened door to height that latch should have functioned; that motor to bus was operating at time of accident and vibration may have caused door to fall (driver's testimony).

The record fails to show that defendants caused the latch to be inspected following the accident or that plaintiff was placed in a position where she could cause an inspection thereof to be made. It follows that there is no direct testimony on the proposition of whether the latch was in good mechanical condition or defective.

In 10 Am.Jur. "Carriers", Sec. 1624, p. 370, it is stated that reasons for application of doctrine of res ipsa loquitur to carriers may be divided into three broad classifications: (1) Burden rests upon carrier to explain his violation of contract to carry passenger safely; (2) Carrier often has exclusive or superior knowledge of cause of accident and should, therefore, assume burden of explanation; (3) Injury to a passenger is ordinarily an event that does not occur when the carrier excercises due care, and fact of injury affords a natural presumption or inference that such care was lacking.

In the third paragraph of the syllabus to Oklahoma Natural Gas Co. v. Colvert, Okl., 260 P.2d 1076, 1077, it is stated that "Where the instrumentality or thing which causes injury is shown to be under the management and control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it

**162**

affords reasonable evidence in the absence of explanation by the defendant, that the accident arose from the want of care." For other authority to the same general effect, see Denco Bus Co. v. Keller, 202 Okl. 263, 212 P.2d 469, and cases cited following Negligence, Vol. 11, West's Okl. Dig.

 The fact that an injury results from a latent defect in a device that caused the injury does not prevent a plaintiff from relying on the doctrine of res ipsa loquitur. In 13 C.J.S. Carriers § 764(5), p. 1460, this is said:

"Where an accident causing injuries to a passenger occurs through the breaking, or the defective condition of some portion, of the machinery or appliances by which the passenger is carried, a prima facie case of negligence on the part of the carrier is made out. It is then incumbent on the carrier, in order to prevent a recovery, to show that the injury occurred without any negligence on its part, and that it was the result of an inevitable accident. The passenger does not have the burden of proving latent defects in appliances and defendant's knowledge thereof. * * *"

In Ziino v. Milwaukee Electric Railway and Transport Co., 272 Wis. 21, 74 N.W.2d 791, 792, the court said that "The facts in the case clearly established that res ipsa loquitur was applicable. Here we have the kind of accident which ordinarily does not occur in the absence of negligence on the part of someone; it was caused by the failure of the automatic device installed to open and close the door, which was within the exclusive control of the defendant; and the record fails to disclose any negligent action on the part of the plaintiff that contributed to the accident."

 Upon plaintiff's showing that the bus was under the control of defendants; that the accident was such as in the ordinary course of events does not occur, she, under the doctrine of res ipsa loquitur, made a prima facie case and the burden

was cast upon defendants to show that they exercised the utmost care for plaintiff's safety. See Denco Bus Co. v. Keller, supra.

We are of the opinion that in sustaining plaintiff's motion for new trial, the trial court did not err.

Affirmed.

The Court acknowledges the aid of the Supernumery Judge, N. S. CORN, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JOHNSON and IRWIN, JJ., concur.