Daniel John **ABBETT**, Appellant,

v.

**COUNTY OF ST. LOUIS**, Respondent.

No. C3-91-70.

Court of Appeals of Minnesota.

Sept. 3, 1991.

James W. Balmer, Kristen L. Rebers, Duluth, for appellant.

Alan L. Mitchell, St. Louis County Atty., Malcolm B. Davy, Asst. County Atty., Duluth, for respondent.

Considered and decided by PETERSON, P.J., and FOLEY and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appeal in this negligence action is from a judgment entered pursuant to the district court's order granting defendant-respondent St. Louis County's motion for a directed verdict. The district court found plaintiff-appellant Daniel Abbett's evidence on causation insufficient to permit a verdict in his favor. We affirm.

## FACTS

Daniel Abbett suffered severe injuries in a one-car accident that occurred on May 28, 1978, on a relatively straight and level portion of St. Louis County State Aid Highway No. 3, also known as Beck's Road. There is a steep tree-lined slope on the north side of Beck's Road in the area where the accident occurred. Abbett was driving in an easterly direction when his vehicle crossed the westbound lane, left the road, went down the embankment and crashed, rendering Abbett a paraplegic. Abbett initiated this action, alleging St. Louis County (county) was negligent in failing to place a guardrail along the north shoulder of the road.

Abbett has no recollection of the accident itself or of events occurring before the accident. At trial, he was only able to testify about his injuries.

To establish the duty, breach and causation elements of his negligence case, Abbett relied solely on expert testimony by a consulting engineer. The expert testified that in 1987, nine years after the accident, he performed an accident reconstruction by reviewing the police report and a survey purporting to show where the accident occurred, and by inspecting the area, where certain evidence—flattened brush, scarred bark on trees and a tail lamp lens unique to Abbett's vehicle—was still visible. From his investigation, the expert determined the approximate point where Abbett's vehicle left the road. He concluded that the vehicle left the road at a speed of between 45 and 50 m.p.h. and at an angle of approximately 15 degrees. The expert further testified that he had reviewed several reports of the American Association of State Highway Transportation Officials (AASHTO) concerning guardrail placement which were published several years before the accident. Based on his accident reconstruction and his review of the AASHTO reports, it was the expert's opinion that the county should have erected a guardrail at the site because there was a steep slope lined with trees exceeding six inches in diameter to the east of the point where Abbett's vehicle left the road.

The expert testified that according to AASHTO guidelines, a vehicle striking a guardrail at a speed of up to 60 m.p.h. and at an angle of up to 25 degrees would be contained on the road. He further testified that the energy produced by striking a guardrail at that speed and angle would not be of a level expected to cause permanent injury to the vehicle's occupants.

On cross-examination, counsel for the county questioned the expert about a vehicle's rebound back onto a road from striking a guardrail, assuming the impact occurred at a speed of 45 to 50 m.p.h. and an angle of 15 degrees. The expert stated that the driver would not have control of the vehicle after being deflected from the guardrail.

At the close of Abbett's case, the county moved for a directed verdict, arguing that Abbett had failed to establish a prima facie case of negligence. The district court granted the county's motion, concluding that the evidence would only allow a jury to speculate as to whether the county's alleged negligent failure to erect a guardrail proximately caused Abbett's injuries. Judgment was entered in the county's favor, and this appeal followed.

## ISSUES

1. Did the district court err in granting St. Louis County's motion for a directed verdict?

2. Was counsel's oral argument based on deposition testimony not introduced at trial proper?

## ANALYSIS

### I.

A motion for a directed verdict should be granted where the evidence is insufficient to sustain a verdict for the party opposing the motion. *See* Minn. R.Civ.P. 50.01. When reviewing a district court's grant of a directed verdict, we view the evidence as a whole in the light most favorable to the party against whom the verdict was directed. *Henkel v. Holm,* 411 N.W.2d 1, 3–4 (Minn.App.1987).

Abbett argues that the district court erred in concluding he failed to present sufficient evidence for a prima facie showing of the causation element of a negligence case. We disagree.

It is incumbent on the plaintiff in a negligence action to introduce evidence that would afford a reasonable basis for the conclusion that the defendant's alleged negligence proximately caused the plaintiff's injury. *See DeCourcy v. Trustees of Westminster Presbyterian Church, Inc.,* 270 Minn. 560, 563, 134 N.W.2d 326, 328 (1965). The plaintiff must show more than a mere possibility that the injury resulted from the defendant's act. *Id.; see also Kludzinski v. Great Northern Ry. Co.,* 130 Minn. 222, 224, 153 N.W. 529, 529 (1915), *cited in Elias v. City of St. Paul,* 350 N.W.2d 442, 444 (Minn.App.1984). A causal connection between the alleged negligence and the injury must be established beyond the point of speculation or conjecture. *DeCourcy,* 270 Minn. at 563, 134 N.W.2d at 328; *Kludzinski,* 130 Minn. at 224, 153 N.W. at 529; *Smith v. Runk,* 425 N.W.2d 299, 301 (Minn.App.1988).

Abbett introduced no evidence showing what caused his vehicle to leave the road. The only evidence supporting Abbett's theory that the county's alleged negligence proximately caused his injuries was testimony by the expert witness. The expert's testimony on direct examination indicates that a guardrail would have deflected Abbett's vehicle back onto the road and that the energy produced by hitting the guardrail would not have been of a level expected to cause permanent injury to Abbett. However, the expert's cross-examination testimony makes clear that Abbett would not have had control of his vehicle after rebound from a guardrail. Further, the record indicates that Abbett would have rebounded into the lane of westbound, oncoming traffic. Abbett introduced no evidence showing that the westbound lane was clear at the time of the accident.

From the evidence as a whole viewed in the light most favorable to Abbett, a jury could only speculate as to whether the county's alleged negligent fail-ure to erect a guardrail proximately caused Abbett's injuries. The district court, therefore, properly directed a verdict in the county's favor.

## II.

On appeal from a judgment based on a directed verdict, we review only the evidence introduced at trial. *See Hubbard v. United Press Int'l, Inc.,* 330 N.W.2d 428, 439 (Minn.1983). Deposition testimony not introduced into evidence at trial is outside the record on such appeal, even though the trial court may have previously considered the testimony on a motion for summary judgment. *See Commerce Ins. Co. v. Merrill Gas Co.,* 271 Wis. 159, 168–69, 72 N.W.2d 771, 775–76 (1955).

Counsel for St. Louis County based his oral argument before this court, in part, on testimony contained in a deposition of an eyewitness to Abbett's accident. The deposition testimony was never introduced at trial. Therefore counsel's argument based on the deposition was improper and cannot be considered by this court.

## DECISION

The district court did not err in granting St. Louis County's motion for a directed verdict, as Abbett introduced insufficient evidence for a jury to find that St. Louis County's alleged negligent failure to erect a guardrail was the proximate cause of his injuries. Argument by counsel based on testimony contained in a deposition not introduced into evidence at trial was improper and was not considered by this court.

Affirmed.