JOHN F. SPENCE and GEO. W. ROSS v. J. M. TAPSCOTT.

*Appeal Bond—Merger—Appeal.*

1. When the Supreme Court remands a case, because the record is imperfect, the Superior Court has the power to make any proper order in the cause.

2. Where, upon such remanding, his Honor in the Court below ordered an appeal bond to be filed to perfect the same appeal, it was held not to be error.

3. Where an appeal has been dismissed and a judgment for costs entered against the appellant and the sureties on his appeal bond, if another appeal is taken, a new bond must be filed.

(*Spence* v. *Tapscott*, 92 N. C., 576, cited and approved).

This was a CIVIL ACTION tried before *Gilmer, Judge,* at the Fall Term, 1885, of ALAMANCE Superior Court, where a judgment was rendered in behalf of the defendant, from which the plaintiffs appealed to this Court.

At the last February Term of this Court, there was a motion made by the defendant to dismiss the appeal on the ground the undertaking on the appeal was not justified as required by the statute. The motion was not entertained by this Court, for the reason that the appeal was not here, and the papers sent up were remanded to the Superior Court, "that the proper steps might be taken to perfect the record and put the case in a shape to be heard and determined intelligently."

Thereupon a judgment was rendered in this Court against the plaintiff and his surety for the appeal for the costs in this Court incurred.

At the last Fall Term of the Superior Court for Alamance county, Gilmer, Judge presiding, made the following order, to-wit: "It is ordered that the clerk, upon the plaintiffs' filing a bond in the sum of thirty dollars to secure the costs of the appeal, issue and send up a proper, full and complete transcript of the record and proceedings had in the case, to the end that said appeal of the plaintiff may be heard in the Supreme Court." From this order

the defendant appealed, and assigned as error, the making of said order by his Honor, and especially any direction to take a new bond from the plaintiff, as the said cause is still pending in the Supreme Court upon the appeal first taken, and his Honor, Judge Gilmer, had no right to make any order in the cause, the clerk having taken the bond heretofore ordered by his Honor, Judge Shepherd, to be given upon the appeal.   The defendant's counsel renewed the motion made at the last term of this Court to dismiss the appeal for the reason then assigned.

*Messrs. Scott & Caldwell,* for the plaintiffs.
*Messrs. Graham & Ruffin,* for the defendant.

ASHE, J., (after stating the facts).   The motion of the defendant now made to dismiss the appeal for defects in the undertaking on appeal, sent up with the transcript to the last term of this Court, cannot be entertained.   That undertaking was to secure the costs of the appeal then attempted to be taken, but this Court held the appeal was not here, and remanded the papers.   *Spence v. Tapscott,* 92 N. C., 576.   If the appeal was not here, the case remained in the Court below, and if not here, of course no motion to dismiss could be entertained by this Court.

This fully meets and disposes of the objection made by the defendant to the order of Judge Gilmer, that the cause was still pending in the Supreme Court upon the appeal first taken, and his Honor had no right, while it was so pending, to make any order in the cause in the Court below.

The first bond has been extinguished by its merger in the judgment for costs rendered at the last term of the Court, and whether erroneous or not, the judgment stands until it is reversed.

That bond had answered its purpose, and if the transcript had been sent to this Court without another undertaking, there certainly would have been ground for dismissing the appeal for want of an undertaking on the appeal. It was therefore altogether proper

and necessary, in order that the appeal might be perfected, that the last undertaking should have been given. It ought to have been given whether it was ordered by the Court or not, and error cannot be imputed to his Honor for ordering that to be done, which the law required to be done.

There is no error, and the defendant's motion to dismiss the appeal is denied.

No error.                                              Affirmed.