PICK and another, Respondents, vs. PICK and others, Appellants.

*September 12—September 29, 1944.*

*D. J. Regan* of Milwaukee, for the appellants.
*Leo W. Slensby* of Milwaukee, for the respondents.

BARLOW, J. A deposit was made with the clerk of the circuit court, where the action was tried, by the Milwaukee Automobile Insurance Company in lieu of an appeal undertaking required by sec. 274.11 (2), Stats., and to stay execution on the judgment as provided by sec. 274.17, pursuant to an order of the trial court on the date the first appeal was taken. So far as the record shows, this deposit is still on file. Whether this is sufficient to constitute an undertaking for costs or deposit in lieu thereof, as required by sec. 274.11 (2), where the first appeal was dismissed and a second appeal is taken,

is one of the questions presented. We consider it is not a compliance with the statute. Where an appeal is dismissed the appeal bond or undertaking, or deposit of money in lieu thereof, falls with it, and on a second appeal a new undertaking or deposit must be given to perfect it. *Lavigne v. May,* 2 Mart. (N. S.) La. 628; *Spence v. Tapscott,* 93 N. C. 250; *Coburn v. Board of Commissioners,* 10 S. D. 552, 74 N. W. 1026; *Stoner v. Spencer,* 32 Tex. 653; 3 C. J. p. 1115, sec. 1151, note 22. When the first appeal was dismissed on December 7, 1943, and the record returned to the trial court, appellants were in the same position as though no appeal had been taken, so far as perfecting a second appeal. It was necessary to make a new return to this court and serve a new undertaking for costs or deposit of money in lieu thereof. The order of the court on the first appeal, approving the deposit of money in lieu of undertaking for costs, was only effective as to the first appeal and was not a continuing deposit which would comply with the statute where a second appeal was taken. Manifestly, the dismissal of an appeal for failure to comply with statutory requirements remits the parties and the case to prior existing conditions, leaving unimpaired the statutory right to take and perfect an appeal at any time within the period provided by law.

This brings us to the question of whether further extension of time should be granted under Rule 61 of the Supreme Court Rules or under sec. 274.32, Stats. There is no showing of mistake or inadvertence, the only question being of excusable neglect which could warrant a further extension of time. The first appeal was taken on July 29, 1943, and was dismissed on December 7, 1943, because no briefs or appendix were served. A second appeal was taken on January 14, 1944, which was the last day on which an appeal could be taken. The return was not filed with this court until August 18, 1944, which appeal was not perfected by the service of an undertaking for costs or the deposit of money instead, or the waiver

thereof. More than a year has expired since the first appeal was taken, and while appellants' attorney claims to have been incapacitated due to illness, the record clearly shows that he was attending to legal business, making appearances in court, and drafting and filing pleadings during this entire period. The respondent is entitled to have this litigation terminated. The action was started December 6, 1940, which is nearly four years ago. There is nothing in the record to indicate that the respondents have in any way occasioned any delay in the proceedings, and appellants have failed to make a showing of excusable neglect.

This court said in *Goerlinger v. Juetten,* 237 Wis. 543, 550, 297 N. W. 361, where notice of appeal was duly served and the defendant failed to serve an undertaking for costs or deposit of money instead, or the waiver thereof,—

"There was no waiver of the required undertaking in the instant case, therefore the plaintiff's motion to dismiss the appeal of defendant Bohman must be granted."

It follows that the motion to dismiss this appeal be granted.

*By the Court.*—The appeal of the defendants, Marjory Pick and Milwaukee Automobile Insurance Company, is dismissed.