GATEWAY CITY TRANSFER COMPANY, INC., Appellant, vs.
PUBLIC SERVICE COMMISSION, Respondent.

*June 8—July 1, 1948.*

230

*Philip H. Porter* of Madison, and *Daniel H. Grady* of Portage, for the appellant.

*Earl J. Cooper* and *R. W. Peterson,* both of Madison, and *Cornelius T. Young* of Milwaukee, for the respondent.

PER CURIAM.  While Rule 1 (11) of the Rules of Practice requires that bond or undertaking on appeal be returned to this court as part of the record there is no such requirement as to the deposit of cash or bonds in lieu of undertaking or bond. It was, therefore, not necessary for the clerk of the circuit court to make return to this court of the cash deposited in lieu of the undertaking.

Leave is granted on the authority of *Wenzel & Henoch Construction Co. v. Wauwatosa* (1937), 226 Wis. 10, 16, 275 N. W. 552, and the cases therein cited.   As was said in that case, referring to some prior decisions :

"If these decisions imply that this court may not under sec. 274.32, Stats., permit an appeal to be 'perfected' after the time for appeal has expired when the only act wanting in that respect is the service of a copy of the appeal bond on the respondent, they are erroneous in that respect, and so far as they seem to so imply they are overruled."

Counsel for defendant endeavored to distinguish the *Wenzel & Henoch Construction Co. v. Wauwatosa Case, supra,* on the ground that in that case there were irregularities in papers and in the service thereof, therefore relief could be granted, but the court cannot give relief in case of omissions or fill a vacuum created by appellant.   This contention cannot be sustained. . The court can certainly do it if it has jurisdiction. When a proper notice of appeal is served and filed within the statutory time the court acquires jurisdiction.   Other nec-

essary steps are supplementary thereto. The question then is, Are there sufficient grounds for excusing the irregularity complained of? The court will not extend the time or allow perfection of the record in every case. *Pick v. Pick* (1944), 245 Wis. 496, 15 N. W. (2d) 807. It is considered that the excuse in this case is sufficient, no inconvenience or damage having resulted to the opposite party and there being every evidence of good faith to take an appeal. Therefore,

It is ordered that the request of the appellant for leave to file the deposit and notice thereof as of May 21, 1948, be and the same is hereby granted.

It is further ordered that the papers certified to this court by supplementary return be, and they are hereby made, a part of the records in this court, and the appeal is deemed perfected as of May 21, 1948, the plaintiff to pay ten dollars costs of motion forthwith.