COLLA, Special Administratrix, Respondent, vs. MANDELLA and another, Appellants.

*October 11—November 8, 1955.*

For the appellants there was a brief and oral argument by *Raymond J. Moore* of Milwaukee.

For the respondent there was a brief and oral argument by *Joseph J. Ziino* and *Arlo McKinnon,* both of Milwaukee.

GEHL, J.   Defendants contend first that by her pleading plaintiff is precluded from the right to rely upon the doctrine. In addition to allegations contained in her complaint setting forth facts calling for its application and asserting those facts as a separate ground of negligence, she made the following allegations upon information and belief:

"The defendant, Domenic Mandella, left his said truck parked and stopped in said alley on said incline and went into his adjoining home, leaving said truck unattended; despite the said defendant's knowledge at said time and place that his two minor sons, age approximately three years and five years, respectively, were present and in the vicinity of said truck; that said minor sons on prior occasions had been allowed to ride in said truck as passengers; that said truck was an attraction to said minor sons, and as said defendant knew or in the exercise of ordinary care should have known, the presence of said truck at said locality and unattended would be likely to cause the said minor sons to enter in and upon said truck and to cause the same to go into motion and to roll down said alley as it eventually did.

"Said defendant, Domenic Mandella, left the truck unattended in said alley in the presence of his said minor sons without sufficiently setting the brake or placing the same in gear or taking other precautions necessary and adequate to prevent said minor sons or any other agency or force from causing said truck to roll down said alley on said incline although he knew or in the exercise of ordinary care should have known that sufficient precautions should have been taken to prevent said truck from being put in motion under said circumstances."

Defendants concede that it is permissible in Wisconsin to plead the doctrine and also allegations setting forth specific or general acts of negligence. Their contention, as it is stated by them, is that "to state alternatively in positive terms a

definite intervening nonactionable cause which set the truck in motion through no fault of the defendant . . . overpowers and negates any reasonable inference to the plaintiff supplied by *res ipsa loquitur.*" They treat the case as though it had been alleged, and there had been some proof, that it was the act of defendant's children which caused the truck to leave the place at which it had been parked, and argue that the act of the children, for which defendant was not legally responsible, was an intervening cause of the movement of the truck. The difficulty with that contention, if it were otherwise meritorious, is that it results from an erroneous construction of the allegations of the complaint which we have set forth above. It is not alleged that defendant's children caused the truck to move forward. The substance of the pleading is that defendant, with knowledge of the presence of the children, mindful of the fact that the truck was an attraction to and likely to cause the children to enter upon it and set it in motion, failed to take the steps necessary to prevent the children or any other agency from causing the truck to roll down the incline. It is the act and omission of the defendant, not that of the children, against which complaint is made. Consequently, the plaintiff pleads in the alternative the actionable wrong of the defendant and also allegations for the application of the doctrine of *res ipsa loquitur.* She does not seek to hold him for the careless act of his children. She does not, as defendants contend, "state alternatively . . . a definite intervening nonactionable cause which set the truck in motion through no fault of the defendant." We find no fault with the complaint nor do we think that it contains allegations which foreclose plaintiff from asserting the doctrine of *res ipsa loquitur.*

In its treatment of the subject, *res ipsa loquitur,* this court has committed itself to the doctrine that when it appears that: (1) The accident is of a kind which ordinarily does not occur in the absence of someone's negligence, (2) it is caused by

an agency or instrumentality within the exclusive control of the defendant, and (3) it has not been due to any voluntary action or contribution on the part of the plaintiff, there is created at least a permissible inference that the defendant has been negligent, *Ryan v. Zweck-Wollenberg Co.* (1954), 266 Wis. 630, 64 N. W. (2d) 226, and that in determining whether the accident was due to defendant's negligence, the circumstances are to be considered by the jury as evidence in connection with other facts and circumstances in the case. *Koehler v. Thiensville State Bank* (1944), 245 Wis. 281, 14 N. W. (2d) 15. The inference, if permitted by the circumstances, is one which the jury may reject but it is sufficient to support a jury's finding of negligence.

From the statement of facts previously set forth, it is abundantly clear that the conditions necessarily existing for application of the principle of *res ipsa loquitur* are present. The facts in the case are practically identical with those presented in *Hughes v. Rentschler Floral Co.* (1927), 193 Wis. 49, 213 N. W. 625, where the court treated the case as one calling for application of the doctrine, *Biller v. Meyer* (7th Cir. 1929), 33 Fed. (2d) 440. For reference to a host of cases involving similar facts and where the rule was applied see Anno. 16 A. L. R. (2d) 984.

Defendants contend, however, that the testimony that Mandella left his truck parked and unattended at a point where it would be likely to attract his minor sons who were in the near vicinity to enter upon the truck and cause it to go in motion and roll down the alley overcomes and destroys the inference. The inference was not destroyed. The testimony as to the presence of children was properly before the jury, but it is to be given no greater dignity than as evidence to be weighed against the inference. *Lipsky v. C. Reiss Coal Co.* (1908), 136 Wis. 307, 311, 117 N. W. 803:

"Hence, although, as declared in *Musbach v. Wis. C. Co.* 108 Wis. 57, 84 N. W. 36, it may be only necessary to prove

the reasonable possibility of some cause other than defendant's negligence in order to avert the inference of negligence from the accident itself, it was entirely competent for the jury in this case to say that no such possibility had been proved."

No other attack is made upon the trial court's action.

· *By the Court.*—Order affirmed. Cause remanded for further proceedings according to law.

STEINLE, J., took no part.