**Lillie B. ARBUCKLE, Appellant,**

v.

**STEWART DRY GOODS COMPANY, Inc.,**
**Appellee.**

Court of Appeals of Kentucky.

June 8, 1956.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.,**
**Appellants,**

v.

**Elmer SHAW, Appellee.**

Court of Appeals of Kentucky.

June 8, 1956.

H. Solomon Horen, Louisville, for appellant.

Peter, Heyburn & Marshall, Louisville, for appellee.

WADDILL, Commissioner.

Mrs. Lillie B. Arbuckle sustained personal injuries when she fell from an escalator in The Stewart Dry Goods Company's store in Louisville. Upon trial of her action to recover damages, the court directed a verdict for the Company. Mrs. Arbuckle

has prosecuted this appeal seeking a reversal of the judgment on the ground that the court erred in sustaining appellee's motion for a directed verdict. Hence, we review the evidence we consider essential to a proper disposition of the case.

Mrs. Arbuckle, age 50, who is five feet, four inches tall, weighing 175 pounds, wearing high-heeled shoes, was shopping at Stewart's on the afternoon of May 19, 1949. She was accompanied by her three-year old grandson, whom she was leading with her right hand. She had made some purchases and was carrying two small packages in her left hand, with her purse being over her left wrist. She was on the second floor of Stewart's when she approached the escalator for a ride to the first floor. Immediately after she stepped onto the escalator, she fell. Under questioning by her attorney she described her accident in the following manner:

"Q. Now, as you stepped with your right foot onto that moving stairway what happened? A. The escalator gave me a jerk, it gave a jerk, a quick jerk, and I was jerked from David.

"Q. Now, when that escalator gave you a jerk, or as you described it a quick jerk, what happened to your left hand? A. To my left hand?

"Q. Yes. A. Well, I turned all holts loose, it jerked me loose from it.

"Q. Well, from where did it jerk that hand loose? A. It jerked my hand from the rail.

"Q. And what did that jerk do to your right hand? A. It jerked me away from David.

"Q. And what happened to you after that? A. Well, I went down, I don't know how many flights of steps that I was falling—I was just falling, and I was just going on down and I could hear my little grandson screaming.

"Q. Do you remember on what parts of your body you fell, Mrs. Arbuckle? A. Well, I hit my knee.

"Q. Which one? A. My right knee."

Jesse Miller, an employee of Stewart's, was standing near Mrs. Arbuckle when she stepped onto the escalator. Miller testified that the escalator did not jerk, but that Mrs. Arbuckle lost her balance after she stepped upon the escalator when she attempted to turn around to reach for her grandson who had broken her grasp upon him and who had refused to enter upon the escalator. Other evidence, given by witnesses who qualified as experts, was to the effect that the escalator was found to be in perfect working condition immediately after the accident occurred.

We think the simple answer to this controversy is that Mrs. Arbuckle did not present a case against the appellee upon which she could recover. The res ipsa loquitur doctrine is not applicable to the proven facts because there was not sufficient showing of an unusual happening. Cox v. Wilson, Ky., 267 S.W.2d 83, 44 A. L.R.2d 830. There is no evidence in this case that the "jerk" to which Mrs. Arbuckle said she was subjected was anything other than the ordinary effect the escalator has upon a person who steps upon it without putting his body in corresponding motion; that is, the moving escalator impels a person who steps upon it from a stationary to a moving position. Consequently, the testimony given in behalf of Mrs. Arbuckle and all reasonable inferences that may be deduced therefrom in her favor was insufficient to create a jury issue. Therefore, the trial court did not err in directing a verdict for the defendant company.

Judgment affirmed.