**Frank HIGGINS, Plaintiff,**

v.

**CONSOLIDATED RAIL
CORPORATION,
Defendant.**

**C.A. No. N–82–12.**

United States District Court,
D. Connecticut.

June 30, 1986.

Donn A. Swift, Lynch, Traub, Keefe & Snow, New Haven, Conn., for plaintiff.

David T. Ryan, Robinson, Robinson & Cole, Hartford, Conn., for defendant.

### RULING ON DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

ZAMPANO, Senior District Judge.

In this action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., ("FELA"), the plaintiff, Frank Higgins,

sought damages for injuries sustained during the course of his employment with the defendant, Consolidated Rail Corporation. By agreement, the issues of liability and damages were bifurcated at trial.

### I.

On October 5, 1981, the plaintiff, an experienced railroad worker, was performing his usual and customary duties at the defendant's Cedar Hill Yard where freight cars are assembled and "made up" for travel to various parts of the country. Freight cars being transported from one section of the yard to another, and those being "humped" down slopes, are a source of danger to workmen in the vicinity. Therefore, communication among the workers concerning the direction and movement of the cars is crucial to safety.

At approximately 8:30 A.M. that morning, the plaintiff was notified by the yardmaster that a car would be "humped" near the area where the plaintiff was performing switching operations. After removing himself from the zone of danger, the plaintiff observed what he believed to be a "hopper car" pass by him. He then proceeded back to the track area to continue switching procedures. A short time later, he was struck from behind, knocked to the ground, and suffered injuries to his forehead, neck and back. Because he was temporarily unconscious, he did not see what actually hit him. There were no known eyewitnesses to the accident.

Upon regaining consciousness, he immediately reported to the yardmaster that he was "rolled" by a "drag of cars," and he was taken to a hospital for treatment. Subsequently, he claimed he was assaulted by a person or persons unknown. And still later, he stated he believed he was struck by a "hopper" car which had been "humped" passed him, but, because it was not properly secured at rest, it rolled back and hit him.

At trial, plaintiff advanced two theories to establish liability. First, he contended that the defendant failed to provide him a safe place to work because a brakeman was negligent in failing to secure properly the hopper car after it passed the plaintiff and came to a stop on an incline. As a consequence, the plaintiff argued, the car rolled back down the incline and struck him while his back was turned as he was performing switching duties. In the alternative, the plaintiff relied on the doctrine of res ipsa loquitur.

On its part, the defendant claimed that: 1) the plaintiff failed to sustain his burden of proof on the issues of liability; 2) the injuries to the plaintiff were caused by an unknown assailant; 3) a "hopper" car could not have hit the plaintiff because, according to the defendant's records, no "hopper" car was in the vicinity at the time; 4) the plaintiff's negligence was the sole cause of the accident; and 5) because the plaintiff attempted to prove specific acts of negligence, the doctrine of res ipsa loquitur was inapplicable.

At the conclusion of the testimonial evidence of the liability phase of the bifurcated trial, the Court overruled the defendant's objection to the plaintiff's request for a res ipsa instruction and submitted the liability issues to the jury on both theories of negligence. The jury found, by way of special interrogatories, that 1) the plaintiff failed to prove negligence in securing the hopper car; 2) the plaintiff did sustain the liability aspects of his case under the doctrine of res ipsa loquitur; and 3) the defendant failed to prove that the sole proximate cause of the accident was the plaintiff's own negligence or the acts of third parties not under the control of the defendant.

The trial with the same jury continued on the issue of damages. The jury found that the total amount of damages suffered by the plaintiff was $300,000 which was to be reduced by 50 percent due to the plaintiff's contributory negligence. Judgment entered for the plaintiff against the defendant for $150,000.

Pursuant to Fed.R.Civ.P. 50(b), defendant has filed a timely motion for judgment notwithstanding the verdict on the grounds

that 1) the Court erred in allowing the plaintiff to prosecute his case under the doctrine of res ipsa loquitur as well as under a claim of the negligent handling of the freight car by a co-worker; and 2) the plaintiff is barred from a res ipsa recovery due to the jury's finding that the plaintiff was contributorily negligent.

## II.

■ Based upon the prevailing authorities, the Court, as it did at trial, rejects the defendant's contention that a plaintiff is precluded from relying on the doctrine of res ipsa loquitur if he alleges and attempts to prove specific acts of negligence. *See, e.g., Jesionowski v. Boston & Maine Railroad,* 329 U.S. 452, 456–457, 67 S.Ct. 401, 403–04, 91 L.Ed. 416 (1947) (doctrine of res ipsa loquitur is applicable to Federal Employers' Liability Act cases); *Dugas v. Kansas City Southern Railway Lines,* 473 F.2d 821, 825 (5 Cir.), *cert. denied,* 414 U.S. 823, 94 S.Ct. 124, 38 L.Ed.2d 56 (1973) (res ipsa loquitur instruction proper even though plaintiff seeks to prove acts of negligence); *Weigand v. Pennsylvania Railroad Company,* 267 F.2d 281, 284 (3 Cir. 1959) (plaintiff entitled to benefit of res ipsa inference notwithstanding specific proof of negligent acts).

## III.

The Court also finds unpersuasive the defendant's contention that the doctrine of res ipsa loquitur cannot be the basis for recovery in this case because the plaintiff's own negligence was in part the cause of his injures and losses.

The three conditions generally cited as prerequisites for the application of the res ipsa doctrine are:

(1) the injury-producing event must be of a kind which ordinarily does not occur in the absence of someone's negligence;

(2) the event must be caused by an agency or instrumentality within the exclusive control of the defendant; and

(3) the event must not have been due to any voluntary action or contribution on the part of the plaintiff.

*See, e.g., Jesionowski,* 329 U.S. at 456, 67 S.Ct. at 403; *Dugas,* 473 F.2d at 824; W. Prosser, *The Law of Torts,* § 39, at 214 (4th ed. 1971).

■ In the instant case, the evidence indicated that: the unusual accident involved would not have ordinarily occurred in the absence of negligence, the accident occurred on premises exclusively controlled by the defendant, the plaintiff was uncertain of the cause of the accident, probable injury-producing instrumentalities were under the exclusive control of the defendant, and the accident could have been found not to have been due to any voluntary action or fault on the part of the plaintiff. Under these circumstances, the Court deemed it proper to instruct the jury on the principles of res ipsa loquitur.[1]

---

1. The Court instructed the jury on the doctrine of res ipsa loquitur, in relevant part, as follows:

Now, in addition to the doctrine of negligence which I have just described, the plaintiff relies on the doctrine of res ipsa loquitur as an alternative means to establish liability in this case.

Res ipsa loquitur is a Latin term meaning the thing or occurrence speaks for itself.

In the ordinary case the mere fact that an accident happened to the plaintiff does not furnish evidence that it was caused by the defendant's negligence, and the plaintiff to sustain his case on liability must therefore point to a negligent act or omission on the part of the defendant. However, under the doctrine of res ipsa loquitur the plaintiff need not offer evidence to show why an accident occurred if certain factors exist. Under the facts of this case, these factors are:

First, the plaintiff must prove that the accident was such that it would not have occurred in the absence of negligence on the part of the defendant, and

Second, the plaintiff must prove that the cause of the accident was in the control of the defendant.

In other words, when something causes an accident to the plaintiff which is under the control of the defendant, and the accident to the plaintiff would not have occurred if the defendant used proper care, this affords reasonable evidence, in the absence of a reasonable explanation by the defendant, that the accident arose from the defendant's negligence.

As you can see, the doctrine of res ipsa loquitur is simply a rule of common sense. The doctrine may warrant an inference of negligence, but of course, does not compel it.

The main objection raised by the defendant to the charge focused on the Court's language which instructed that the acts of third persons not under the control of the defendant or the plaintiff's own negligence would have to be the "*sole* proximate cause of the accident" to free the defendant of liability. (emphasis added). The defendant asserted, as it does now in support of the pending motion, that *any* contributory negligence on the part of the plaintiff would constitute a "contribution" of fault on his part, and would negate "exclusivity" of the injury-producing instrumentality on defendant's part. Therefore, the defendant argued, a finding of contributory negligence by the jury would *a fortiori* bar the application of the doctrine of res ipsa loquitur.

While the defendant's argument may have some facial logic, it is rejected for several reasons. First, it misconceives and unduly restricts the purpose and scope of the doctrine. Res ipsa is not a substantive rule of law, but, rather, is a *procedural* convenience or device where the situation presented makes it applicable. In other words, it is merely a form of circumstantial evidence that allows a trier to infer negligence from a set of proven facts. As stated by the Supreme Court in *Jesionowski*, 329 U.S. at 454, 67 S.Ct. at 402, the doctrine is described as a "*trial rule* under which negligence may be inferred from unusual happenings growing out of conditions under a defendant's control." (emphasis supplied). *See also Johnson v. United States*, 333 U.S. 46, 48–49, 68 S.Ct. 391, 392–393, 92 L.Ed. 468 (1948); *Santillo v. Penn Central-Transportation Co.*, 350 F.Supp. 883, 885 (W.D.Pa.1972); *Lowman v. Housing Authority*, 150 Conn. 665, 670, 192 A.2d 883 (1963).

Second, the precise language utilized by this Court has been approved by the Supreme Court in the context of FELA cases. *See Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 504–505, 77 S.Ct. 443, 447, 1 L.Ed.2d 493 (1957) (jury instructed to return a verdict for railroad if it was found that negligence of plaintiff was the *sole cause* of the accident); *Jesionowski*, 329 U.S. at 454, 67 S.Ct. at 402 (jury instructed that "if the deceased's negligence was the *sole cause* of the accident the plaintiff here cannot recover."). (emphasis added).

Third, the defendant confuses the requisites to support a finding of negligence by a jury in a FELA case with the principles governing the separate and distinct essential elements of proximate cause and damages for a recovery. Under § 51 of the Act, the test for negligence is whether the evidence supports the conclusion that the

It merely provides a convenient formula for saying that the plaintiff may establish, if the factors I mentioned are found by the jury, that the defendant was more probably negligent than not.

Now, even if you find that the plaintiff has established the factors I have mentioned, the plaintiff would not be entitled to a verdict on the issue of liability if the defendant has proven by a preponderance of the evidence that the plaintiff's own negligence or the acts of third persons not under the control of the defendant were the sole proximate cause of the accident. In other words, if you find that the actions of the plaintiff or the acts of third persons not under the control of the defendant were the sole cause of the accident, then the doctrine of res ipsa loquitur does not apply and the defendant is entitled to a verdict on the issue of liability.

In this regard, the defendant has alleged that the sole proximate cause of the accident was plaintiff's own negligence in failing to keep a proper lookout for his own safety. On this claim, the defendant has the burden of proof.

Now, it is the law that the plaintiff was under a duty to exercise reasonable care for his own safety and welfare and to make reasonable use of his faculties to avoid or prevent the accident. The defendant contends it proved that the sole proximate cause of the accident was plaintiff's own negligence. The plaintiff, on the other hand, denies that the defendant sustained its burden of proof on this issue.

In the alternative, the defendant claims that the acts of outside third parties not under the control of the defendant caused the accident to the plaintiff. Now, of course, if an outside third party or parties assaulted the plaintiff and cause him harm, then the defendant cannot be held responsible for the accident. The defendant contends it sustained its burden of proof on this issue. The plaintiff, on the other hand, denies that the defendant sustained its burden of proof on this issue.

It is for you the jury to decide.

railroad's negligence played any part, even the slightest, in producing the injury and "[i]t does not matter that, from the evidence, the jury may ... attribute the result to other causes, including the employee's contributory negligence." *Rogers*, 352 U.S. at 506, 77 S.Ct. at 448. Under § 53 of the Act, the plaintiff's contributory negligence does not bar recovery, but merely diminishes the award of damages.

Thus, in the case *sub judice*, the jury properly may have inferred that, while plaintiff's conduct contributed to his injuries, it was not a contributing cause of the accident. As stated by Professor James:

> In some contexts, of course, the plaintiff's conduct while clearly not contributory to the accident, may nevertheless have contributed to his injuries. A passenger in a derailed railroad car who was standing on the platform at the time of the derailment might furnish an example. Here contributory negligence is perfectly compatible with an inference of defendant's negligence, and the comparative negligence statute should have full application.

F. James, *Connecticut's Comparative Negligence Statute: An Analysis of Some Problems*, 6 Conn.L.Rev. 207, 215–216 (1974). *See also* 58 Am.Jur.2d *Negligence* § 481 (1971); G. Saden, *Comparative Negligence Adopted in Connecticut*, 47 Conn. B.J. 416, 426 (1973).

Fourth, even assuming one concludes that the plaintiff's negligence played a significant part in the accident, but was not the sole cause of the mishap, the plaintiff still recovers. In *Miller v. Cincinnati, New Orleans and Texas Pacific Railway Co.*, 317 F.2d 693, 700 (6 Cir.1963), the court recognized that, while the railroad employee's negligence "was an important factor in the accident, and even if some minds might conclude that it was the sole factor," there was sufficient evidence to support the jury's finding of negligence and that the "question of proximate cause was properly submitted for the jury's determination." *See also Wilkerson v. McCarthy*, 336 U.S. 53, 61, 69 S.Ct. 413,

417, 93 L.Ed. 497 (1949) (switchman's negligence under FELA does not immunize respondents from liability if injury was "in part" the result of respondents' negligence).

Finally, it would be illogical and unreasonable to afford plaintiffs the benefit of the res ipsa doctrine in states with comparative negligence statutes, *see, e.g., Turk v. H.C. Prange Co.*, 18 Wis.2d 547, 119 N.W.2d 365 (1963) (plaintiff's negligence not bar to reliance on res ipsa loquitur doctrine under Wisconsin's comparative negligence statute); D. Wright, *Connecticut Jury Instructions*, § 534, at 797–810 (1975) (res ipsa loquitur doctrine applicable under Connecticut's comparative negligence statute), and reject its application to injured railroad employees who have been granted extensive protection under the federal statutory scheme provided by Congress. *See Rogers*, 352 U.S. at 507–509, 77 S.Ct. at 448–450.

### IV.

Considering all of the evidence presented at trial in the light most favorable to plaintiff, together with all reasonable inferences to be drawn in his favor from that evidence, the Court concludes that the doctrine of res ipsa loquitur was applicable to the facts of this case. *See C–Suzanne Beauty Salon, Ltd. v. General Insurance Co.*, 574 F.2d 106, 112 n. 10 (2 Cir.1978).

Accordingly, defendant's motion for judgment notwithstanding the verdict is DENIED.

SO ORDERED.